IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS GRANDINETTI, #A0185087, | ) ) ) | CIV. NO. 13-00409 DKW/RLP |
| Plaintiff, | ) ) ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | ) ) | |
| MAX OTANI, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

The court dismissed this action without prejudice on August 29, 2013, finding that Plaintiff failed to concurrently submit the statutory filing fee with his Complaint, did not submit an *in forma pauperis* application or request a waiver of fees, and had accrued three strikes under 28 U.S.C. § 1915(g) but failed to allege imminent danger of serious physical injury warranting the grant of an implied request.  Order, ECF No. 4.  Plaintiff seeks reconsideration of the August 29, 2013 Order.  *See* Mot., ECF No. 6.

**I**.  **DISCUSSION**

Plaintiff argues that he was illegally transferred out-of-state, thus, that he satisfies the definition of "custody."  Plaintiff also argues that he sufficiently alleges imminent danger of serious physical injury "due to tight handcuffs, mace,

gas, a rhino-blaster, no public law enforcement appeals, etc., the following injuries occurred to Plaintiff: ETS and smoking damage, cancer risks, a ruptured sinus, dental injuries, groin rupture (hernia), severe arm atrophy, blindness problems, and acne/lice problems." *Id.*

First, Plaintiff's custody is not at issue in this action and played no part in the court's determination that Plaintiff is not entitled to proceed without complete prepayment of the fees.

Second, if Plaintiff seeks a waiver of fees, although he still fails to make a formal or informal request, he has the burden of proving he satisfies the exception to § 1915(g) by demonstrating that he was in imminent danger of serious physical injury when he filed the Complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Conditions that existed at an earlier or later time are not relevant. *See id.* and n.5. Plaintiff's exhibits, which were attached to the Complaint, show that he complained about his alleged injuries to the Ombudsman on or about *December 27, 2011*, well before he submitted this Complaint. *See* Exh., ECF No. 1-1, PageID #2-3 (complaining "No medical reviews of broken arm, bashed in lower teeth, hernia, skinny malnourished appearance). They also show that Plaintiff consistently refused medical examinations and care for these ailments and others. *See id.*, PageId #4-10.

Moreover, Plaintiff has raised these same alleged injuries in support of other claims and causes of action as long ago as September 2005, in Civ. No. 07–00488 SOM (D. Haw. 2005),[1] and as recently as May 2013, in Civ. No. 13-00221 DKW.[2] Nor do Plaintiff's allegations regarding a hernia, acne, lice, poor vision, ETS and smoking damage,[3] arm atrophy, and non-specific cancer risks, constitute *serious* physical injuries. Plaintiff does not plausibly allege that he was in imminent danger of serious physical injury when he commenced this action.

Third, the sole basis for Plaintiff's Complaint is his allegation that Deputy Director of the Hawaii Department of Public Safety Defendant Max Otani "allowed him to miss four parole hearings." Compl., ECF No. 1. Plaintiff does not assert that Otani exposed him to imminent danger or serious physical injury and fails to state a claim. "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence." *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (*per curiam*); *Greenholtz v. Nebraska*, 442 U.S. 1, 7 (1979). And it is well-settled that Hawaii's parole statute does not create a

---

[1] Claiming "numerous bodily injuries (hernia, ruptured testicle, dislocated left arm, dental injuries, maced eyes/ some vision loss," ). Civ. No. 07-00488 SOM, Compl. ECF No. 1 at PageID #9.

[2] Alleging he was "maced out" on May 24, 2013. Civ. No. 13-00221 DKW, Mot. ECF No. 6.

[3] Plaintiff apparently uses the acronym for environmental tobacco smoke, ETS, to refer to his allegations in Civ. No. 13-00122 DKW, regarding his mace allegations.

liberty interest in parole. *See, e.g., Mujahid v. Apao*, 795 F. Supp. 1020, 1024 (D. Haw.1992) ("[A] proper application of *Greenholtz* requires the court to conclude that the Hawaii parole statute does not create a liberty interest protected by the Due Process Clause."); *Regan v. State*, 2007 WL 4440956, at *2 (D. Haw. Dec. 19, 2007). Because he has no right to parole in Hawaii, Plaintiff fails to state a claim based on four missed parole hearings. Even if Plaintiff had sought a waiver of fees based on his parole allegations, and regardless of whether he alleged imminent danger of physical injury, this action was subject to denial at the outset and his request would have been denied. *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) (holding a court may deny *in forma pauperis* at the outset when no cognizable claim for relief is presented).

Plaintiff fails to (1) "demonstrate reasons why the court should reconsider its prior decision," or (2) "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Hele Ku KB,*

//   //

//   //

//   //

*LLC v. BAC Home Loans Servicing, LP*, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012). Plaintiff's Motion for Reconsideration is DENIED.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, October 2, 2013.



    /s/ Derrick K. Watson
    Derrick K. Watson
    United States District Judge

---

Grandinetti v. Otani; CV 13-00409 DKW-RLP; ORDER DENYING MOTION FOR RECONSIDERATION

*Grandinetti v. Otani*, 13-00409 DKW/RLP; G:\docs\DKW shared\Pro Se Atty\Grandinetti 13-409 dkw.wpd